# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. RODRIGUEZ,<br><br>              Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | CASE NO. 07CV2147 DMS (NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING APPOINTMENT OF COUNSEL**<br><br>**[Docs. 2 & 3]** |

Plaintiff brings this motion to proceed *in forma pauperis*. The Court may authorize the commencement of any suit without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. 1915(a)(1).

Plaintiff was last employed in 1998. In 2007, he received disability or workers' compensation in the amount of $738 per month, and anticipates receiving $765 per month in 2008. He currently has $15.00 in a checking account, and no savings. He does not own a car or other real property. He attests his wife is dependent upon him for support in the amount of $600.00 per month. On these facts, the Court finds Plaintiff is unable to pay filing fees, and GRANTS permission to proceed *in forma pauperis*.

/ / /

1   Plaintiff also requests appointment of counsel, which the Court has discretion to grant "upon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). "Three factors have emerged as relevant to the exercise of the district court's discretion under this broad statutory mandate. The court is required to assess: (1) the plaintiff's financial resources, (2) the efforts made by plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit." *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981). Here, Plaintiff has not attached a copy of a Notice-of-Right-to-Sue-Letter as required by the application. Moreover, he indicates that he received a response from the Equal Opportunity Commission finding "no reasonable cause" to believe the allegations made in the charge were true. Accordingly, he has failed to make the requisite showing that his claim is meritorious.

Moreover, although Plaintiff has made some attempt to secure counsel, he has contacted only one local legal clinic and one private attorney. Both simply indicated they do not handle his kind of case. Petitioner has not indicated any inability to obtain representation from an attorney who does specialize in claims such as his. For these reasons, the motion to appoint counsel is DENIED.

**IT IS SO ORDERED.**

DATED: February 28, 2008

HON. DANA M. SABRAW
United States District Judge